**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.  4:18-CR-215-SNLJ NAB ) |
| SHANNON RENNEE BRADLEY, | ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

The above matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).  Defendant Shannon Bradley is charged along with co-defendant Jacob Brewer in two counts in an indictment.  Count one charges Bradley with conspiracy to distribute and to possess with the intent to distribute a mixture or substance containing detectable amounts of heroin and fentanyl with death resulting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c) and 21 U.S.C. § 846.  Bradley is charged in Court two with distribution of a mixture or substance containing a detectable amount of heroin and fentanyl, with death resulting, in violation of 18 U.S.C. §2 and 21 U.S.C. § 841(a), (b)(1)(C).[1]

The United States filed a Motion for Order Requiring Disclosure of Medical Documents [Doc. 57].  The government is seeking Bradley's medical records from Mercy Hospital in Washington, Missouri.  The medical records are protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), therefore, the government seeks the medical records pursuant to 45 C.F.R. § 164.512(f).

---

[1] The indictment indicates that death occurred to an individual whose identify was known to the Grand Jury, but who is referred to in the indictment and in this report and recommendation as A.C.

**FACTS**

An evidentiary hearing was held in this case on October 24, 2018. Detective Leon Burton of the multi county narcotics and violent crimes enforcement unit testified. On October 21, 2017, Detective Burton began an investigation into the overdose death of a woman identified as A.C.

He determined through his investigation that Shannon Bradley and Jacob Brewer may have distributed the drugs that led to A.C.'s overdose. On October 25, 2017, Bradley was arrested at a gas station parking lot in Franklin County. When officers approached the vehicle, Bradley was sitting in the passenger seat. As they were taking Bradley into custody, officers saw her place several capsules down the front of her pants. After being transported to the jail, a female jailer removed some of the capsules that Bradley had placed in her pants, but others had started to dissolve inside her vagina. Concerned that the capsules might contain fentanyl, officers took Bradley to a hospital for medical care.

Several capsules were also found on the front seat of the vehicle and were tested. Detective Burton stated that the capsules tested positive for heroin and fentanyl.

**ANALYSIS**

Pursuant to HIPAA, individually identifiable medical information cannot be disclosed by covered entities without the consent of the individual unless disclosure was expressly permitted by HIPAA. 45 C.F.R. § 164.502. There are several instances where disclosure is permitted without authorization from the individual. 45 C.F.R. § 164.512. "A covered entity may use or disclose protected health information to the extent that such use or disclosure is *required by law* and the use or disclosure complies with and is limited to the relevant requirements of such law." 45 C.F.R. § 164.512(a)(1) (emphasis added). "Required by law" is defined as "a mandate

contained in law that compels an entity to make a use or disclosure of protected health information and that is enforceable in a court of law." 45 C.F.R. § 164.103. "Required by law includes, but is not limited to, court orders and court-ordered warrants; subpoenas or summons issued by a court, grand jury, a governmental or tribal inspector general, or an administrative body authorized to require the production of information ...." *Id.* "A disclosure made pursuant to § 164.512(a) must meet the requirements outlined in § 164.512(c), (e), or (f)." *United States v. Zamora*, 408 F. Supp. 2d 295, 297–98 (S.D. Tex. 2006) (citing 45 C.F.R. § 164.512(a)(2)).

Section 164.512(f) provides for disclosure of protected information for law enforcement purposes. 45 C.F.R. § 164.512(f). This section permits disclosures for law enforcement purposes to a law enforcement official as *required by law,* or in compliance with "(A) A court order or court-ordered warrant, or a subpoena or summons issued by a judicial officer; (B) A grand jury subpoena; or (C) An administrative request, including an administrative subpoena or summons, a civil or an authorized investigative demand, or similar process authorized under law...." 45 C.F.R. § 164.512(f)(1). As an initial matter, pursuant to § 164.512(f)(1)(ii)(C), information sought must be relevant and material to the law enforcement inquiry, the request must be specific and limited in light of the information sought. *Id.*

The government seeks records pertaining to Bradley's examination and treatment. It contends that the treatment records "will contain relevant information as to the cause of death which is an element of the offense." [Doc. 57 at 3.] The motion also states, "The records…may contain relevant information regarding the composition of the drugs found in her possession which she tried to hide and/or dispose of by putting them down her pants." [Doc. 57 at 3.]

Bradley argues that her treatment records dated four days after A.C.'s death are not relevant to the drug conspiracy. In addition, she argues that any information regarding the

3

composition of the drugs that might have been in Bradley's system is not relevant to A.C.'s cause of death. Bradley also raises privacy concerns, which she contends outweigh the government's interest in obtaining the information.

The undersigned agrees with Defendant. While the information sought by the government may serve the law enforcement purpose of acquiring incriminating evidence against Brewer, this purpose does not outweigh her right to privacy of her medical records. The government's request is broad. It seeks "the medical records pertaining to her examination and treatment." These medical records could include a history taken by the treating physician, statement made by the defendant to assist in her treatment regarding why she is being treated and other information that would not be relevant to the law enforcement inquiry. In addition, there is no evidence before the court that the medical records contain information regarding the composition of the drugs found in her possession. Therefore, I recommend that the government's motion be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the Government's Motion for Order Requiring Disclosure of Medical Documents [Doc. 57] should be **DENIED** as set forth above.

The parties are advised that they have fourteen (14) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Failure to timely file objections may result in a waiver of the right to appeal questions of fact.

/s/ Nannette A. Baker

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of May, 2019.

4