UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18CR215 SNLJ |
| | ) |
| SHANNON RENNEE BRADLEY, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This case is before the Court on "Report and Recommendation" of the Magistrate Judge, #88, to which the government filed an "Objection," #90, and defendant Bradley, a "Response in Opposition" thereto, #91. This Court adopts the Report and Recommendation (R &R) in its entirety except for its ultimate conclusion that "the Government's Motion for Order Requiring Disclosure of Medical Documents should be Denied," and the reasons therefor. This Court instead grants the government's motion.

Defendant is charged with distribution of a mixture or substance containing a detectable amount of heroin and fentanyl, with death resulting. The government seeks medical records from defendant's health care providers in support of its investigation into the fatal overdose of a woman who allegedly bought from defendant the heroin and fentanyl that caused her death. The uncontested facts are that a few days after the victim's death, defendant was arrested at a gas station parking lot. According to the R & R,

> When officers approached the vehicle, Bradley was sitting in the passenger seat. As they were taking Bradley into custody, officers saw her place several capsules down the front of her pants. After being transported to the jail, a female jailer removed some of the capsules that Bradley had placed in her pants, but others had started to dissolve inside her vagina. Concerned that the capsules might contain fentanyl, officers took Bradley to a hospital for medical care. Several capsules were also found on the front seat of the vehicle and were tested . . .Detective Burton stated that the capsules tested positive for heroin and fentanyl.

Defendant objects to the disclosure of the medical records because the records "are protected health information under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), 45 C.F.R. sec. 164.502. However, defendant concedes that there are several instances where disclosure is permitted, which include disclosure for "law enforcement purposes," 45 C.F.R. sec. 164.512(f), and specifically for potential use in a criminal prosecution. See *United States v. Crippen*; 627 F.3d 1056, 1064 (8th Cir. 2010). Under sec. 164.512(f)(1)(ii)(C), cited in the R & R, the information sought must be relevant and material to the law enforcement inquiry, and the request must be specific and limited in light of the information sought. The government, however, maintains that this part of the regulation adds unnecessary elements which apply only to "an administrative request… a civil or an authorized investigative demand, or similar process authorized under law," and that the request here "is not for a civil or administrative purpose but is for a criminal matter." In fact, the Government's original motion invoked sec. 164.512(f)(1)(ii)(A)—not sec. 164.512(f)(1)(ii)(C) as applied by the Magistrate Judge—which pertains not to administrative requests, but to disclosures imposed by court order. Regardless, the government contends that the requirements of sec. 164.512(f)(1)(ii)(C) are met.

The Magistrate Judge disallowed the request stating:

> While the information sought by the government may serve the law enforcement purpose of acquiring incriminating evidence against [Bradley], this purpose does not outweigh her right to privacy of her medical records. The government's request is broad. It seeks "the medical records pertaining to her examination and treatment." These medical records could include a history taken by the treating physician, statement made by the defendant to assist in her treatment regarding why she is being treated and other information that would not be relevant to the law enforcement inquiry. In addition, there is no evidence before the court that the medical records contain information regarding the composition of the drugs found in her possession.

To the contrary, the government argues that its request "is specific and limited in scope" and "does not seek defendant Bradley's entire medical history but just . . those records relating to examination and treatment arising out of the . . . incident in which she attempted to [sic] dispose of evidence down her pants," thus necessitating a medical examination "before proceeding to jail." This Court agrees with the government. Of course, a suspect's effort to hide or destroy incriminating evidence is itself evidence of guilt. Moreover, the request is not overbroad and is limited strictly to gathering such clearly relevant material and probative evidence in the case, which certainly is an exception to HIPAA confidentiality. To be sure, HIPAA "was not intended to be a means for evading prosecution in criminal proceedings," *U.S. v. Zamora*, 408 F.Supp.2d 295, 298 (S.D. Tex. 2006), and "any privacy interest patients have in their medical records is trumped" when the information sought is "relevant and material to a legitimate law enforcement inquiry." *In re: Grand Jury SUBPOENA John Doe*, 197 F.Supp.2d 512, 515 (E.D. Va. 2002). And here, to the extent a balancing approach is required despite the HIPAA exception, the law enforcement interest is compelling and clearly outweighs defendant's privacy interest. Finally, although the Magistrate Judge observes that there is no evidence before the Court that the medical records contain information regarding the composition of the drugs found in her possession, that is exactly the evidence the government seeks. Accordingly, this Court will

exercise its authority under sec. 164.512(f)(1)(ii)(A) to order the disclosure of the medical records the government seeks in its motion.

For the foregoing reasons, the government's motion is granted.

**SO ORDERED** this 3rd day of July, 2019

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE