UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cr-00215-AGF |
| ) | |
| SHANNON RENNEE BRADLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Defendant Shannon Rennee Bradley filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), which appointed counsel has now supplemented.  The motion and supplement argue that release is warranted due to Bradley's health conditions (mental health and substance abuse disorders), the risk of COVID-19, Bradley's desire for specific forms of mental health and substance abuse treatment that are not available to Bradley at her current prison facility, Bradley's significant rehabilitation while incarcerated, and Bradley's desire to return to and care for her disabled father.  The Government opposes Bradley's motion.

Compassionate release under 18 U.S.C. § 3582(c)(1)(A) may only be granted if a court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  Bradley has not demonstrated such extraordinary and compelling reasons here.  The nature of Bradley's health conditions in light of the current state of the COVID-19

pandemic simply do not rise to the level of seriousness required to warrant release under § 3582(c)(1)(A), particularly given the Government's undisputed evidence that Bradley was offered but refused vaccination against COVID-19.  *See, e.g.*, *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because [they] ha[ve] declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred.").

As to Bradley's mental health and substance abuse disorders, Bradley has consistently received treatment while incarcerated and appears to have made significant progress.  The Court was aware of Bradley's difficult upbringing and history of mental health and substance abuse disorders at the time of sentencing.  It was for these very reasons, among others, that the Court granted a significant downward variance in Bradley's sentence.

And while the Court is sympathetic to Bradley's desire for additional treatment options that she alleges are not available at her current facility, that fact alone does not rise to the level of extraordinariness as to warrant release under § 3582(c)(1)(A).  Likewise, the Court commends Bradley's post-sentencing rehabilitation, which she has achieved despite considerable challenges.  However, such rehabilitation alone "cannot constitute an extraordinary and compelling reason to modify a sentence." *United States v. DeFoggi*, No. 22-2327, 2023 WL 4112142, at *2 (8th Cir. June 22, 2023) (citing 28 U.S.C. § 994(t)).  Finally, while the Court appreciates Bradley's desire to care for her father, she has not shown that she is the only caregiver available or that her father is incapable of self-care.

Bradley's crime was serious, and she still has a significant percentage of her sentence

left to serve.  Considering all of the sentencing factors listed under 18 U.S.C. § 3553(a), the Court again concludes that the sentence previously imposed is necessary to meet the sentencing objectives of reflecting the seriousness of this defendant's crime and providing appropriate punishment, incapacitation, and deterrence.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se and supplemental motions for compassionate release from custody are **DENIED**.  ECF Nos. 202 & 210.

                                                                                  */s/ Audrey G. Fleissig*
                                                                               AUDREY G. FLEISSIG
                                                                               UNITED STATES DISTRICT JUDGE

Dated this 18th day of September, 2023.